**In re FLEETWOOD OF HENDERSONVILLE HOTEL CORPORATION.**

District Court, W. D. North Carolina.

Feb. 19, 1932.

R. H. Sykes, of Durham, N. C., for United States Gypsum Co.

Lipscomb & Lipscomb, of Asheville, N. C., for Piedmont Electric Co.

Tillett, Tillett & Kennedy, of Charlotte, N. C., for Soule Hoffman Co.

L. B. Prince, of Hendersonville, N. C., for Gregg Bros.

Harkins, Van Winkle & Walton, of Asheville, N. C., for Atlantic Terra Cotta Co.

William B. Snow, of Asheville, N. C., for Standard Engineering Co.

William B. Snow, of Asheville, N. C., for Chavannes Lumber Co.

Ewbank, Whitmire & Weeks, of Hendersonville, N. C., for Rigby-Morrow Co.

Johnson, Smathers & Rollins, of Asheville, N. C., for J. E. Moss Iron Works.

WEBB, District Judge.

This cause came on for a hearing before me on the 18th of December, 1931, upon exceptions filed to the report of the special master.

After hearing carefully the argument of counsel and reading the testimony with the same care, the court finds the following facts:

On March 4, 1927, the Fleetwood of Hendersonville Hotel Corporation was duly adjudged bankrupt. Prior thereto several materialmen furnished materials and labor for the construction of the Fleetwood Hotel building at Hendersonville, for which payment had not been made. These materialmen and laborers filed liens for the amounts of their claims in the office of the clerk of the superior court of Henderson county, and, by order of this court, the matter involving the priority and validity of these claims was referred to George W. Craig, Esq., as special master, to determine the amounts and priorities of each claim or claimant.

The special master heard the evidence and filed his report on the 25th of July, 1930, containing his findings of fact and conclusions of law. The master found as a fact, and this court approves his finding that liens were properly filed and allowed by him after evidence was presented to him by the following claimants and in the order and amounts named, to wit:

(1) United States Gypsum Company. Lien for $27,114.02 filed June 17, 1926, at

11:30 o'clock a. m., with the clerk of superior court of Henderson county, and suit properly commenced thereon within the time required by law.

(2) Piedmont Electric Company. Lien for $5,000 filed June 29, 1926, with the clerk of superior court of Henderson county, and suit properly commenced thereon within the time required by law.

(3) Soule Hoffman Company. Lien for $4,945.48, filed July 17, 1926, with the clerk of superior court of Henderson county, and suit properly commenced thereon within the time required by law, less credit of $2,750 paid by trustee in bankruptcy, leaving a balance due of $2,195.48.

(4) Gregg Brothers. Lien for $500 filed July 23, 1926, with the clerk of superior court of Henderson county, and suit properly commenced thereon within the time required by law.

(5) Atlantic Terra Cotta Company. Lien for $29,905 filed August 23, 1926, at 8 a. m., with the clerk of superior court of Henderson county, and suit properly commenced thereon within the time required by law.

(6) Standard Engineering Company. Lien for $40,683.07 filed October 9, 1926, with the clerk of superior court of Henderson county, and suit properly commenced thereon within the time required by law.

(7) Chavannes Lumber Company. Lien for $1,581.86 filed October 9, 1926, with the clerk of superior court of Henderson county, and suit properly commenced thereon within the time required by law.

(8) Rigby-Morrow Company. Lien for $11,797.16 filed December 4, 1926, with the clerk of superior court of Henderson county, and suit properly commenced thereon within the time required by law.

The special master disallowed the lien of J. E. Moss Iron Works, but, instead of disallowing the court has heard additional testimony on this claim for lien, and this court is of the opinion that this claim for lien should have been allowed, for the evidence before me shows that that lien of J. E. Moss Iron Works was properly filed on August 28, 1926, with the clerk of the superior court of Henderson county, which claim and statement contained a verified statement of materials furnished to the Fleetwood Hotel and suit was started within six months after the filing of said notice, and I therefore hold that said claim of lien should be allowed, and it is hereby allowed, and the order of its priority would

be the sixth, coming after the lien of the Atlantic Terra Cotta Company.

And I further find as a fact that the foregoing liens, including that of J. E. Moss Iron Works, were the only liens properly and legally filed.

1. I therefore conclude as a matter of law, and it is so declared, that the lien of the United States Gypsum Company, in the sum of $27,114.02, with interest from June 17, 1926, be, and the same is hereby declared, a first lien dated June 17, 1926, upon the property described in said notice of lien, known as the Fleetwood Hotel Property on Jump-off Mountain, in Henderson county, N. C.; and this said first lien shall be transferred to and vest upon all the purchase money from the sale of said property, should sale be ordered by this court or otherwise.

2. It is further ordered and decreed that the lien of the Piedmont Electric Company, in the sum of $5,000, with interest from June 20, 1926, be and the same is hereby declared a second lien, dating from June 29, 1926, upon all of the property described in said notice of lien, and the rights under the said lien shall be transferred to and impressed upon the purchase money from the sale of said property, after the payment of the prior liens, should sale be made by order of the court or otherwise.

3. It is further ordered that the lien of Soule Hoffman Company, in the sum of $2,195.48, with interest from July 17, 1926, be and the same is hereby decreed a third lien, dating from July 17, 1926, upon the property described in the said notice of lien, and the rights under the said lien shall be transferred to and impressed upon the purchase money from the sale of the said property after the payment of prior liens, should sale be made by order of the court or otherwise.

4. It is further ordered that the lien of Gregg Brothers for the sum of $500, with interest from July 23, 1926, be and the same is hereby declared a fourth lien, dating from July 23, 1926, upon the property described in the notice of lien, and the rights under the said lien shall be transferred to, and be impressed upon, the purchase money from the sale of said property after the payment of the former liens, should sale be made by order of the court or otherwise.

5. It is further ordered and decreed that the lien of the Atlantic Terra Cotta Company for the sum of $29,905, with interest from August 23, 1926, be, and the same is hereby

declared, a fifth lien, dating from August 23, 1926, upon the property described in the said notice of lien, and the said lien shall be subject to, and be paid after, the first, second, third, and fourth liens above described, and the rights under the said lien of the Atlantic Terra Cotta Company shall be transferred to, and impressed upon, the purchase money from the sale of said property, after the payment of prior liens, should sale be made by order of the court or otherwise.

6. It is further ordered and adjudged that the lien of the J. E. Moss Iron Works, amounting to $21,107.96, with interest from August 28, 1926, is hereby declared a sixth lien on the property described in their notice of lien, and this said sixth lien shall be subject to, and paid after, the five prior liens described above, and the rights under the said sixth lien shall be transferred to, and impressed upon, the purchase money from the sale of said property after payment of the prior liens, should sale be made by order of the court or otherwise.

7. It is further ordered and decreed that the lien of the Standard Engineering Company for the sum of $40,683.07, with interest from October 9, 1926, as above described, be, and the same is hereby, declared the seventh lien, to be paid in the same manner after the six prior liens have been discharged.

8. It is further ordered and decreed that the lien of the Chavannes Lumber Company for the sum of $1,581.86, with interest from October 9, 1926, shall be paid in the same manner after the prior seven liens have been paid and discharged.

9. It is further ordered and decreed that the lien of Rigby-Morrow Company, in the sum of $11,797.16, with interest from December 4, 1926, be paid and discharged in the same manner after the prior eight liens have been satisfied and discharged, out of the property described.

The court concludes, as a matter of law, that the conclusions of law of the special master, contained in his report to this court on pages 26 and 27, wherein he holds that the lienors above named, except J. E. Moss Iron Works, shall share on a pro rata basis, are overruled and set aside; it being the opinion of the court that the lien first filed under the statutory law of North Carolina is prior to other subsequently filed liens.

It is therefore ordered and adjudged that the liens set forth above shall be paid in the order of their filing as set forth by the court in this decree.

It is further ordered and decreed that the conclusions of law in the report of the special master disallowing the liens and claims of Whitmore-Parsons Pulp and Lumber Company, Johnson City Shale Brick Corporation, D. W. McFadden, Asheville Blue Gem Coal Company, Standard Brick and Tile Company, B. MacKensie, Miller Manufacturing Company, Rowe and Roach Company, Cuttal Casement Window Company, United States government, Jeff Panner, Bucholtz Construction Company, J. E. Garland, Palmer, Blackburn, and W. C. Meekins, be and the same is hereby affirmed, and the said claims are hereby disallowed.

The matter of taxing the costs of this proceeding before the master, and of the incidental costs, is hereby deferred by the court until it is determined how much the total assets from the sale of the property shall be applied to each one of the valid liens as set forth above.

At the request of all or any one of the valid lien claimants described herein, the clerk of this court, upon payment of the proper fees, shall immediately certify a copy of this decree, which shall be recorded, upon the payment of proper costs, in the office of the register of deeds of Henderson county, N. C.